# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** | |
| | **Case No.: 19-10970 TPA** |
| **Keith A. Pierce DBA Pierce Mobile Homes** | **Chapter 13** |
| | **Judge Thomas P. Agresti** |
| **Barbara A. Pierce** | \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* |
| Debtor(s). | |
| **Keith A. Pierce DBA Pierce Mobile Homes, Barbara A. Pierce** | |
| Movant(s) | **Related to Document No. 52** |
| vs. | |
| | **Hearing Date: 7/22/20 at 11:30 a.m.** |
| **Sherifia Heron,** | |
| **Erie County Tax Claim Bureau,** | |
| **PNC Bank, National Association,** | |
| **Ronda J. Winnecour, Chapter 13 Trustee** | |
| Respondent(s) | |

## RESPONSE TO MOTION TO SELL REAL ESTATE FREE AND CLEAR OF LIENS (DOCKET # 52)

Now comes PNC Bank, National Association ("Creditor") by and through its attorneys, Manley Deas Kochalski LLC, and responds to the Motion to Sell filed by Keith A. Pierce DBA Pierce Mobile Homes and Barbara A. Pierce (collectively, "Debtor") on June 23, 2020 at Docket # 52. Creditor avers as follows:

1. The averments contained in the corresponding paragraph do not require a response.

2. The averments contained in the corresponding paragraph do not require a response.

3. Admitted.

4. Admitted.

5. Admitted in part and denied in part. It is admitted that PNC Bank, National Association is the holder of the first mortgage lien on the property at 1312 W 9th St, Erie, Pennsylvania,

19-041850_SCS2

16502. It is denied the approximate amount of $10,033.09 is due on said lien. The payoff on Creditor's lien good through August 6, 2020 is $38,714.00.

6. It is admitted that the real estate is encumbered by a first mortgage held by Creditor. Creditor's lien is secured by the Mortgaged Property according to the terms of the settlement executed in Debtor's prior Chapter 11. Said settlement contained a provision that the settlement terms would not be altered or modified without the consent of Creditor, including through any subsequent Chapter 13 Plan. Creditor opposes entry of an order authorizing sale of this property unless Creditor's lien is paid in full subject to a proper payoff quote or that any sale short of full payoff will be subject to Creditor's final approval. Creditor requires that closing occur within 30 days of the payoff quote date or a new payoff be requested if closing does not occur within the 30 days.

7. Denied. Respondent lacks knowledge and information sufficient to form a belief as to the allegations contained in the corresponding paragraph.

8. Denied. Respondent lacks knowledge and information sufficient to form a belief as to the allegations contained in the corresponding paragraph.

9. The averments contained in the corresponding paragraph refer to a document in writing, to which no responsive pleading is required.

10. The averments contained in the corresponding paragraph refer to a document in writing, to which no responsive pleading is required.

11. The averments contained in the corresponding paragraph refer to a document in writing, to which no responsive pleading is required.

12. Admitted according to the terms of the Agreement of Sale referenced in and attached to Debtor's motion.

19-041850_SCS2

13. The averments contained in the corresponding paragraph refer to a document in writing, to which no responsive pleading is required.

14. Denied. Respondent lacks knowledge and information sufficient to form a belief as to the allegations contained in the corresponding paragraph.

15. Denied. Respondent lacks knowledge and information sufficient to form a belief as to the allegations contained in the corresponding paragraph.

16. Denied. Respondent lacks knowledge and information sufficient to form a belief as to the allegations contained in the corresponding paragraph.

17. Denied. Respondent lacks knowledge and information sufficient to form a belief as to the allegations contained in the corresponding paragraph.

18. The averments contained in the corresponding paragraph refer to a document in writing, to which no responsive pleading is required.

19. Denied.  Creditor opposes entry of an order authorizing sale of this property unless Creditor's lien is paid in full subject to a proper payoff quote or that any sale short of full payoff will be subject to Creditor's final approval. Creditor requires that closing occur within 30 days of the payoff quote date or a new payoff be requested if closing does not occur within the 30 days.

WHEREFORE, Creditor respectfully requests that the Debtor's motion be denied.

    Respectfully submitted,

/s/ Karina Velter
Karina Velter, Esquire (94781)
Adam B. Hall (323867)
Sarah E. Barngrover (323972)
Edward H. Cahill (0088985)
Manley Deas Kochalski LLC
P.O. Box 165028

19-041850_SCS2

Columbus, OH  43216-5028
Telephone: 614-220-5611
Fax: 614-627-8181
Attorneys for Creditor
The case attorney for this file is Karina Velter.
Contact email is kvelter@manleydeas.com

19-041850_SCS2